# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,**               ) | |
| )  | |
| **Plaintiff,**              ) | |
| ) | |
| v.                                ) | Case No. 3:21-cr-0023 |
| ) | |
| **LODWIN ASHTON,**                                ) | |
| ) | |
| **Defendant.**             ) | |

## ORDER

  **BEFORE THE COURT** is the Report and Recommendation of the magistrate judge recommending that the Court accept Lodwin Ashton's ("Ashton") plea of guilty (ECF No. 175) to Count Four of the Indictment, charging a violation of Title 18, United States Code, Section 924(c)(1)(A)(i). For the reasons stated below, the Court will adopt the Report and Recommendation.

  Pursuant to 28 U.S.C. § 636, "[w]ithin fourteen days after being served with a copy [of the Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Here, neither party filed an objection within fourteen days of service of the Report and Recommendation. Therefore, "the scope of [the Court's] review is far more limited and is conducted under the far more deferential standard of 'plain error.'" *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd* 276 Fed. App'x 125 (3d Cir. 2008); *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report.").

  After reviewing the record and the Report and Recommendation, the Court does not find plain error in any of the magistrate judge's factual and legal findings. Therefore, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Court finds that Ashton

entered his guilty plea knowingly and voluntarily, and that there was a factual basis for the plea. The Court, therefore, will adopt the Report and Recommendation and find Ashton guilty as to Count Four of the Indictment. Accordingly, it is hereby

**ORDERED** that the Report and Recommendation (ECF No. 175) is **ADOPTED;** it is further

**ORDERED** that Defendant Ashton's plea of guilty as to Count Four of the Indictment is **ACCEPTED,** and that Defendant Ashton is adjudged **GUILTY** on that count; it is further

**ORDERED** that, pursuant to Fed. R. Crim. P. 32(c)(1)(A), the U.S. Probation Office shall conduct a presentence investigation for the preparation of a presentence report; it is further

**ORDERED** that the U.S. Probation Office shall disclose the preliminary presentence report to the parties no later than January 5, 2023; it is further

**ORDERED** that the parties shall submit any objections or corrections to the preliminary presentence report to the U.S. Probation Office no later than January 19, 2023; it is further

**ORDERED** that the U.S. Probation Office shall disclose the final presentence report to the parties and the Court no later than February 2, 2023; it is further

**ORDERED** that the parties shall file their sentencing memoranda no later than February 16, 2023; it is further

**ORDERED** that a sentencing hearing shall be held on February 24, 2023, at 9:30 A.M. in STT Courtroom No. 1.

**Date:**  November 28, 2022                    /s/ *Robert A. Molloy*
                                                **ROBERT A. MOLLOY**
                                                **Chief Judge**